Slip Op. 18-87

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **GOVERNMENT OF SRI LANKA,** | |
| Plaintiff, | |
| **CAMSO INC., CAMSO LOADSTAR (PRIVATE) LTD., and CAMSO USA INC.,** | |
| Plaintiffs-Intervenors, | Before: Jane A. Restani, Judge |
| v. | Consol. Court No. 17-00059 |
| **UNITED STATES,** | |
| Defendant. | |

## OPINION

Dated: July 11, 2018

[Commerce's remand results in a countervailing duty investigation of off-the-road rubber tires from Sri Lanka are sustained.]

    Kristen Smith, Arthur Purcell, and Emi Ortiz, Sandler, Travis & Rosenberg, P.A., of Washington, DC, for plaintiff Government of Sri Lanka.

    Kevin O'Brien, and Christine Streatfeild, Baker & McKenzie, LLP, of Washington, DC, for Consolidated plaintiffs-intervenors Camso Inc., Camso USA, Inc., and Camso Loadstar (Private) Ltd.

    John Todor, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. Of counsel was Khalil Gharbieh, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

    **Restani, Judge:** Before the court are the United States Department of Commerce ("Commerce")'s Final Results of Redetermination on Remand, ECF No. 83-1 (June 14, 2018) ("Remand Results"), concerning Commerce's countervailing duty ("CVD") investigation into

Consol. Court No. 17-00059                                                                                                    Page 2

off-the-road ("OTR") rubber tires from Sri Lanka.  No party has raised a substantive objection to Commerce's Remand Results.  See Consolidated Plaintiffs' Statement of No Objection to Remand Redetermination, ECF No. 85, at 1 (June 29, 2018); Plaintiff's Comments in Agreement with Commerce's Final Results of Redetermination Filed on June 14, 2018 Pursuant to Court Remand, ECF No. 86, at 2 (June 29, 2018) ("Plaintiff's Comments").[1]  For the reasons stated below, Commerce's Remand Results are sustained.

## BACKGROUND

The court assumes all parties are familiar with the facts of the case as discussed in Gov't of Sri Lanka v. United States, Slip Op. 18-43, 2018 WL 1831791 (CIT Apr. 17, 2018) ("Sri Lanka I").  For the sake of convenience, the facts relevant to this remand are summarized herein. Commerce identified three countervailable subsidy programs over the course of its investigation into OTR rubber tires from Sri Lanka.  Issues and Decision Memorandum for the Final Determination in the Countervailing Duty Investigation of Certain New Pneumatic Off–The–Road Tires from Sri Lanka, C–542–801, POI 01/01/2015–12/31/2015, at 7–8 (Dep't Commerce Jan. 3, 2016).  One such program, the Guaranteed Price Scheme ("GPS"), accounted for 0.95 percent of an overall countervailing duty rate of 2.18 percent.[2]  Certain New Pneumatic Off-the-

---

[1] The Government of Sri Lanka "disagreed" with Commerce's filing its Remand Results "under respectful protest," Plaintiff's Comments at 3; Remand Results at 1–2, but Commerce complied with the terms of the remand order, as discussed infra, and simply noted its protest in order to preserve its appellate rights, Remand Results at 5 (citing Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1375–76 (Fed. Cir. 2003)).

[2] As Camso Loadstar was the only individually investigated respondent in Commerce's Sri Lankan investigation, the countervailing duty rate assigned to Camso Loadstar constituted the "all-others" rate as well.  See Certain New Pneumatic Off-the-Road Tires From Sri Lanka: Final Affirmative Countervailing Duty Determination, and Final Determination of Critical Circumstances, 82 Fed. Reg. 2,949, 2,950 (Dep't Commerce Jan. 10, 2017).

<u>Road Tires From India and Sri Lanka: Amended Final Affirmative Countervailing Duty Determination for India and Countervailing Duty Orders</u>, 82 Fed. Reg. 12,556, 12,557 (Dep't Commerce Mar. 6, 2017); <u>Corrected Program Rates in the Issues and Decision Memorandum Regarding the Countervailing Duty Investigation Concerning Certain New Pneumatic Off-The-Road Tires (Off Road Tires) from Sri Lanka</u>, C–542–801, POI 01/01/2015–12/31/2015, at 1 (Dep't Commerce Jan. 11, 2017).

  Under the GPS: "Essentially [the Government of Sri Lanka] would set an above-market 'guaranteed price' for rubber smallholders, calculate a 'market price' to be paid by purchasers, and assume responsibility for paying the difference between the 'guaranteed price' and the 'market price.'" <u>Sri Lanka I</u>, 2018 WL 1831791, at *4. Under certain iterations of this program, purchasers, including Camso, were required to pay smallholders the entire 'guaranteed price,' after which the Government of Sri Lanka later reimbursed sums in excess of the 'market price.' <u>Id.</u> at *5. Commerce found the entire value of these reimbursement payments to constitute a countervailable subsidy. <u>Id.</u> Before the court, Plaintiffs and Plaintiffs-Intervenors argued that the GPS program did not provide a benefit to Camso within the meaning of 19 U.S.C. § 1677(5)(E), but rather imposed a burden. <u>Id.</u> The court agreed, emphasizing Commerce had verified that Camso was merely reimbursed amounts paid in excess of the "market price," without interest. <u>Id.</u> at *5, *7. The court remanded the matter for Commerce to eliminate "any duties attributable to GPS based on mere reimbursement for excessive rubber payments." <u>Id.</u> at *9. The court noted that Commerce was "free to assess whether the GPS program otherwise benefitted Camso or provided an upstream subsidy to Camso within the meaning of 19 U.S.C. § 1677–1." <u>Id.</u>

Consol. Court No. 17-00059    Page 4

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  Commerce's final results in a countervailing duty investigation are upheld unless "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) (2006).

## DISCUSSION

On remand, Commerce removed the 0.95 percent duty attributed to the GPS program, leaving a <u>de minimis</u> overall duty rate of 1.23 percent.  <u>Remand Results</u> at 6.  Acting within its discretion, Commerce declined to conduct a further investigation into whether the GPS program provided Camso an upstream subsidy, or some other statutorily cognizable benefit.  <u>Id.</u> at 4.  On the record as it stands, there is insufficient evidence to find any other countervailable subsidy.  The court thus finds that Commerce has complied with the terms of <u>Sri Lanka I</u>.

## CONCLUSION

For the foregoing reasons, Commerce's <u>Remand Results</u> are **SUSTAINED**. Judgment will enter accordingly.

      /s/   Jane A. Restani
Jane A. Restani, Judge

Dated: July 11, 2018
      New York, New York